UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JUAN ZAPATA, a/k/a JOHN ZAPATA** § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | Case No. 1:15-CV-00383 | |
| § | | |
| **FEDEX FREIGHT, INC.** § | | |
| *Defendant* § | Jury Demanded | |

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule CV-16(d), Plaintiff hereby files this Motion to Compel Production of Documents and Responses to Interrogatories prior to the expiration of the discovery deadline on July 1, 2016. As the parties are in the process of working cooperatively to attempt to resolve the issues raised herein, Plaintiff respectfully requests that the Court refrain from ruling pending the parties' filing of a status advisory as to their efforts to limit or obviate the need for judicial intervention.

In support of his Motion, Plaintiff shows the Court the following:

### I. INTRODUCTION

The Plaintiff was employed by Defendant as a City Driver for more than a decade prior to his termination on May 16, 2013. He filed the present action on May 10, 2015 alleging that he was discriminated against on the basis of his Hispanic race, ancestry, and national origin in the terms, conditions, and privileges of his employment, and that he was ultimately fired in retaliation for his opposition to Defendant's unlawfully discriminatory practices. Plaintiff seeks redress under the

Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act of 1983 ("TCHRA"), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq*.

On May 6, 2016, Plaintiff served his First Set of Interrogatories and Requests for Production, which are attached hereto and incorporated by reference herein as Exhibit "A." On June 6, 2016, Defendant served its responses to Plaintiff's First Set of Interrogatories and Requests for Production, which are attached hereto and incorporated by reference herein as Exhibit "B." On June 15, 2016, Plaintiff's counsel orally communicated concern over perceived deficiencies in Defendant's responses to Plaintiff's written discovery requests, to which Defendant's counsel replied that Defendant was in the process of accumulating additional responsive documents. Production of records continued in batches through June 23, 2016.

After reviewing the full production, Plaintiff noted that certain documents and information central to his claims had not been provided. Further, Plaintiff lacked clarity with respect to the scope of Defendant's responses due to the near constant refrain therein that information and documents were provided "subject to" conclusory objections that largely failed to elucidate the extent to which a response was being provided and obscured whether or not Defendant held back any documents on the basis of the objections lodged. Ex. B. On June 27, 2016, Plaintiff sent Defendant a letter setting out in detail the lingering inadequacies in Defendant's responsive provision of information and documents, which is attached hereto and incorporated by reference herein as Exhibit "C."

On June 30, 2016, the parties conferred at length about the need for supplementation of Defendant's responses and production. Plaintiff followed up the same day with a correspondence summarizing the salient points discussed, which is attached hereto and incorporated by reference herein as Exhibit "D." Defendant was agreeable to (1) producing additional responsive documents,

(2) amending its responses to clarify the scope of its objections, (3) making explicit whether it was withholding any responsive information or documents on the basis of its objections, (4) providing a privilege log for records held back on the asserted basis of attorney-client privilege or the attorney work product doctrine, and (5) continuing to confer regarding the current remaining disputes in the hope of reaching a compromise. Ex. D. Defendant indicated reasonably needing until July 13, 2016, to amend its responses and provide additional documents.

Defendant's anticipated July 13th supplementation will likely render the bulk of the present Motion moot. Unfortunately, however, because July 1, 2016 is the deadline for discovery in this matter, Plaintiff felt compelled to file at this juncture pursuant to Local Rule CV-16(d) in order to preserve his right to access material data and documents imperative to adequately preparing his case. Therefore, Plaintiff requests that the Court stay ruling on this Motion until the parties file a subsequent status advisory summarizing the fruitfulness of their endeavors in the interim to minimize or forestall the need for the Court's scrutiny of the issues set forth below.

## II.   INSUFFICIENT OBJECTIONS AND RESPONSES

**A. Defendant should be required to provide responsive data and records from the entire relevant period as defined by Plaintiff.**

In the definitions of terms used in his First Set of Interrogatories and Requests for Production, Plaintiff explained that the relevant period "refers to the entire time period from four years prior to the date Plaintiff's Original Complaint was filed to the time of trial, unless otherwise specified." Ex. A at 2. Defendant's responses opened with a general objection to such definition, but no explanation was provided as to the basis. Ex. B at 3.

Plaintiff's requests seeking responsive information or documents from within the "relevant period" include Interrogatories 6, 8, 9, and 14, as well as Requests for Production 4, 6,

7, 9, 10, 11, 15, 16, 17, 25, 26, 28-35, and 37. Ex. A. For the most part, Defendant's individual answers to such requests failed to clarify whether Defendant was limiting its response in any way on the basis of its general objection. In the isolated instances where Defendant specified an alternate time period for response (Interrogatories 14-15 and Requests for Production 6 and 33), Defendant did not set forth any rationale for deviating from Plaintiff's definition.

Plaintiff reasonably tailored his description of the "relevant period" to cover a discrete, material length of time spanning the four-year limitations period of his claim pursuant to 42 U.S.C. § 1981. *See Jones v. R.P. Donnelly & Sons Co.*, 541 U.S. 369, 383 (2004). Further, Defendant asserts that it exerted good faith efforts to comply with the law, and its actions after Plaintiff's termination are germane to the analysis of the applicability of punitive damages.

**B. Defendant must demystify the scope of its responses and whether information or documents were withheld pursuant to its objections.**

In most of its responses, Defendant repeated a pattern of objecting in cursory fashion on the basis of some combination of irrelevance, vagueness, ambiguousness, overbreadth and undue burden, and then stating summarily that responsive information or documents would be provided "subject to" such objections. *See* Ex. B. Defendant almost uniformly neglected to explain what limitations, if any, it was placing on the scope of its responses and failed to comply with Federal Rule of Civil Procedure 34(b)(2)(C)'s mandate to specify whether or not any responsive documents were withheld. *Id.* Requests eliciting confounding "subject to" responses included Interrogatories 4, 5, 8, and 9-17, as well as Requests for Production 3, 6, 7, 9-16, 18, 19, 21, 23, 33-35, and 39.

Such responses are inappropriate because they leave Plaintiff guessing as to whether potentially relevant documents have indeed been held back with no means to evaluate the bona fides of Defendant's unilateral decisions of what responsive documents should validly be shared.

**C. Defendant should be compelled to provide a privilege log for those responses where it agreed to provide only "non-privileged" documents, and should be required to produce files related to investigations conducted in the ordinary course of business regardless of attorney involvement, as well as to investigations Defendant relies on in asserting good faith.**

In a number of responses, Defendant stated that it would "produce responsive non-privileged documents," but, in defiance to Federal Rule of Civil Procedure 26(b)(5)(A), failed to state whether it was in fact withholding any documents deemed privileged, and, if so, to describe the nature of such documents to allow Plaintiff to assess the claim. Plaintiff is particularly concerned that Defendant may be withholding responsive documents concerning the investigation into the disciplinary action culminating in his termination, as well as investigations into his and his coworkers' formal and informal complaints of discrimination, as well as related disciplinary actions against coworkers. Plaintiff's Requests covering such information to which Defendant responded with no explanation that "non-privileged" documents were being provided include Requests for Production 3, 6, 18, 19, 21, 23, and 27.

These requests are fundamental to the present action, as they are germane to Defendant's alleged legitimate business purpose for terminating Plaintiff's employment, are essential to his efforts to prove pretext, and are relevant to Defendant's defenses that it has maintained a good faith effort to comply with the applicable law (Dkt No. 19 at ¶ 28) as well as that it exercised reasonable care to prevent and promptly correct any discriminatory behavior (*Id.* ¶ 32). Further, routine investigations under the direction of counsel are not privileged, and Defendant's witnesses have testified that all termination decisions are reviewed by FedEx's legal department as a matter of course.

**D. Defendant should be required to provide material information and documents which have been unjustifiably withheld.**

Defendant refused to respond, or responded only partially, to the following categories of requests that are essential to the claims and defenses at issue in this action.

1) **Interrogatory No. 6, seeking Defendant's number of employees throughout the relevant period.**

Such information is pertinent to coverage under the TCHRA and the applicable damages caps thereunder, but Defendant provided no response.

2) **Interrogatory No. 7 and Request for Production No. 38, seeking Defendant's net worth and related documentation.**

Net worth is germane to the issue of punitive damages, but Defendant provided no response.

3) **Requests for Production 4-6, seeking the personnel files of supervisors and coworkers implicated in Plaintiff's discrimination complaints and disciplinary files of similarly-situated coworkers at Plaintiff's jobsite during the relevant period.**

Defendant mostly refused to respond to these requests, providing only certain hand-picked responsive data and withholding material documents necessary to proving Plaintiff's claim. The allegation that Defendant had a legitimate, nondiscriminatory basis to fire Mr. Zapata is central to this case, and evidence of whether and how any other employees were disciplined for similar policy violations and/or policy violations of commensurate severity, as well as such individuals' comparative disciplinary history to Plaintiff's, is vital to the issue of pretext. Defendant alleges that it maintained a good faith system to avoid discrimination in the workplace; Plaintiff alleges that his coworkers and supervisors engaged in discriminatory behavior and that he was retaliated against for opposing it. Personnel records of the supervisors and coworkers central to Mr. Zapata's underlying complaints of discrimination are relevant to motive and to punitive damages.

4) **Requests for Production 15 and 17, seeking comparator payroll data.**

These requests sought wage and hour records directly relevant both to Plaintiff's discrimination claim as well as to his claim of pretext with respect to his termination. Plaintiff

alleges that he received fewer hours than non-Hispanic coworkers with lesser seniority, and that such coworkers received more overtime pay (relative to their respective hourly rates) than he. Further, Plaintiff was purportedly terminated for a compensated time violation related to allegedly unproductive time before and after his lunch break that he asserts was routine among his coworkers.

5) **Interrogatories No. 11, 13, and 15 and Requests for Production 22 and 23, seeking documents related to other complaints against supervisors and coworkers implicated in Plaintiff's discrimination complaints and complaints and investigations of discrimination of racial or national origin discrimination within the past 10 years.**

Plaintiff alleges that his coworkers and supervisors engaged in discriminatory behavior and that he was retaliated against for opposing it; other complaints against the key actors implicated in Plaintiff's protest are highly relevant. Further, Defendant alleges that it maintained a good faith system to avoid discrimination in the workplace; complaints made to Defendant within the last ten years regarding racial- and/or national origin-based discrimination are relevant to the issue of punitive damages. Ten years is a discrete period, and the request was limited only to the particular service center where Plaintiff worked.

6) **Requests for Production No. 16 and 24, seeking Plaintiff's payroll file and documents evidencing compensation and benefits.**

Plaintiff needs documents regarding benefits, compensation, salary, bonuses, overtime pay, insurance, contributions to pension plans, and the like, in order to calculate back pay as well as for comparative access to overtime during his employment at FedEx, one of the allegations on which his discrimination claim is based.

7) **Requests for Production 11-13, seeking policies and training materials on discrimination and investigations.**

Defendant's witnesses, including Plaintiff's supervisors and the key investigators and decision-makers in this action, testified during depositions to receiving compute-based and/or video training modules, but such have not been produced in discovery.

### III.  CONCLUSION

For the above-elaborated reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel Production of Documents and Responses to Interrogatories and order Defendant to:

1) Provide full responses to Interrogatories 6, 7, 11, 13, and 15, and Requests for Production 4-6, 11-13, 15, 16, 22-24, and 38.

2) Provide responses to Interrogatories 6, 8, 9, and 14, as well as Requests for Production 4, 6, 7, 9, 10, 11, 15, 16, 17, 25, 26, 28-35, and 37 spanning the full "relevant period" constituting the entire time period from four years prior to the date Plaintiff's Original Complaint was filed to the time of trial;

3) Amend responses to Interrogatories 4, 5, 8, and 9-17, as well as Requests for Production 3, 6, 7, 9-16, 18, 19, 21, 23, 33-35, and 39 to clarify the portions of each request to which Defendant's objections apply and to state whether any documents are being withheld on the basis of such objections;

4) Provide privilege logs for Requests for Production 3, 6, 18, 19, 21, 23, and 27, and to produce documents related to investigations conducted in the ordinary course of business, regardless of attorney involvement, as well as to investigations Defendant relies on in asserting good faith.

Respectfully submitted,

By: _____
Aaron Johnson
Texas Bar No. 24056961
ajohnson@equaljusticecenter.org
Anna Bocchini
Texas Bar No. 24057410
abocchini@equaljusticecenter.org
EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER
RIGHTS CLINIC
510 Congress Ave., Ste. 206
Austin, Texas 78704
Tel (512) 474-0007, ext. 104
Fax (512) 474-0008

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Plaintiff has conferred at length with Counsel for Defendant regarding the substance of this motion as set forth above. Defendant is in agreement to amend and supplement its responses by July 13, 2016. Plaintiff and Defendant have not yet reached a compromise on all issues, and whether or not Defendant will supplement with coworker personnel files, comparator payroll data, and investigative files involving attorney participation remains in dispute at this time. However, the parties are committed to continuing to confer and providing a status advisory regarding their progress.

_____
Aaron Johnson
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on July 1, 2016, a true and correct copy of the foregoing has been served on the following CM/ECF participants:

Scott F. DeShazo
sdeshazo@dnaustin.com
Thomas A. Nesbitt
tnesbitt@dnaustin.com
Rachel Noffke
rnoffke@dnaustin.com
DESHAZO & NESBITT, LLP

809 West Avenue
Austin, Texas 78701
Tel: (512) 617-5560
Fax: (512) 617-5563
COUNSEL FOR DEFENDANT

                                                                          */s/ Aaron Johnson*
                                                                          Aaron Johnson
                                                                          Attorney for Plaintiff